## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** 12:cr-00161 |
| | * | **18 U.S.C. § 1347** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | |
| **DOROTHY COLE, individually and** | * | JUDGE FOOTE |
| **doing business as, REST ASSURE** | * | MAGISTRATE JUDGE HANNA |
| **HOME MEDICAL EQUIPMENT** | * | |

### BILL OF INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNTS 1-5

### Health Care Fraud
### (Durable Medical Equipment)
### [18 U.S.C. § 1347]

AT ALL TIMES MATERIAL TO THIS BILL OF INFORMATION:

### The Medicare Program

1.      The Medicare Program ("Medicare") was a federally funded health insurance program that provided health care benefits to certain individuals, primarily the elderly, blind and disabled.  Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), an agency of the United States Department of Health and Human Services ("HHS"), formerly known as the Health Care Financing Administration ("HCFA"). Individuals who received benefits under Medicare were often referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.      Medicare Part B helped pay for certain physicians' services, outpatient services, and other services, including durable medical equipment ("DME") that were medically necessary and were ordered by licensed doctors or other qualified health care providers.  DME is equipment that is designed for repeated use and for a medical purpose, such as an electric or motorized wheelchair, also known as a "power wheelchair," a "manual wheelchair," or a power-operated vehicle, also known as a "scooter."

4.      The Healthcare Common Procedure Coding System ("HCPCS") is routinely employed by DME suppliers to identify the type of equipment provided in the claims filed with Medicare for reimbursement.  The HCPCS Code K0829 is for a power wheelchair, Group 2 standard, extra heavy duty, captain's chair, which has a patient's weight capacity of 601 pounds or more.  The amount paid by Medicare for a K0829 power wheelchair was approximately $5,074.96 in 2008, and approximately $4,592.80 in 2009.

The HCPCS Code K0848 is for a power wheelchair, Group 3 standard, sling/solid seat back, which has a patient weight capacity up to and including 300 pounds. The amount paid by Medicare for a K0848 power wheelchair was approximately $4,227.52 in 2007 and 2008, and was approximately $3,825.92 in 2009.

The HCPCS Code K0823 is for a power wheelchair, Group 2 standard, captain's chair, which has a patient weight capacity up to and including 300 pounds.  The amount paid by Medicare for a K0823 power wheelchair was approximately $3,218.96 in 2007 and 2008, and approximately $2,913.12 in 2009.

The HCPCS Code K0814 is for a power wheelchair, Group 1 standard, portable captain's chair with a patient weight capacity up to and including 300 pounds. The amount paid by Medicare for a K0814 power wheelchair was approximately $2,470.24 in 2007 and 2008, and approximately $2,235.60 in 2009.

The HCPCS Code K0822  is for a folding power wheelchair, Group 2 standard, with a patient weight capacity up to and including 300 pounds. The amount paid by Medicare for a K0822 was approximately $3,198.00 in 2007 and 2008 and $2,894.16 in 2009.

### DME Suppliers and Medicare Billing Procedures

5.      In order to bill Medicare for DME equipment, a DME supplier had to be an approved Medicare supplier.  The DME supplier obtained this approval by submitting an application to Medicare.  If a supplier met certain qualifications, Medicare approved the application.  The DME supplier was issued a number called a "supplier number."  The DME supplier was then able to submit bills, known as "claims," for payment to Medicare for the cost of DME supply to beneficiaries.

6.      Medicare permitted approved DME suppliers to submit Medicare claims on paper or electronically.  Medicare required that claims contained the following:

- the beneficiary's name and Medicare identification number;

- the name and unique provider identification number of the doctor who ordered the item or service;

- the item or service that was provided by the supplier;

- the date of service; and,

- the charge for the item or service.

-3-

7.     In Louisiana, Medicare Part B was administered by CIGNA Government Services ("CIGNA"), pursuant to a contract with the United States Department of Health and Human Services and CMS to serve as the entity or "carrier" that received, processed, and paid Medicare claims for DME, including those relating to power wheelchairs.

8.     Medicare, through CIGNA, would generally pay a substantial amount of the costs for medical services and DME that were medically necessary and ordered by licensed doctors or other qualified health care professionals.

9.     Under Medicare rules, Medicare Part B would pay for the costs of DME provided to the beneficiary.  In order for Medicare to pay for a beneficiary's DME, the equipment must be ordered and/or prescribed by a physician.  In addition, Medicare imposed other regulations and standards, which DME suppliers needed to follow in order to obtain and retain their billing privileges.

## SCHEME TO DEFRAUD

10.     Beginning in August of 2007 and continuing through April of 2009, in the Western District of Louisiana, the defendant, DOROTHY COLE, individually and doing business as, REST ASSURE HOME MEDICAL EQUIPMENT, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely, Medicare, by routinely billing Medicare for providing K0829 power wheelchairs and K0848 power wheelchairs to Medicare beneficiaries, when in fact, the defendant provided these beneficiaries with less expensive power wheelchairs and/or with scooters.

11.   In furtherance of the scheme and artifice the defendant, DOROTHY COLE, individually and doing business as, REST ASSURE HOME MEDICAL EQUIPMENT, wrongfully defrauded, or caused to be defrauded, Medicare of approximately $175,923.83.

## COUNTS 1-5

### Health Care Fraud (Durable Medical Equipment)
### [18 U.S.C. § 1347]

12. Paragraphs 1-11 are re-alleged and incorporated as though fully set forth herein.

13.   On or about the dates set forth below, in the Western District of Louisiana, the defendant, DOROTHY COLE, individually and doing business as, REST ASSURE HOME MEDICAL EQUIPMENT, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a health care benefit program, namely Medicare, in connection with the delivery of or payment for health care benefits, items or services:

| COUNT NUMBER | HICN | PROCEDURE CODE | DATE OF SERVICE | OVER PAYMENT AMOUNT |
|---|---|---|---|---|
| 1 | 437881871A | K0829 | 09/19/08 | $2,470.24 |
| 2 | 438989039A | K0829 | 10/16/08 | $2,470.24 |
| 3 | 436126285B | K0829 | 10/16/08 | $2,470.24 |
| 4 | 437247405A | K0829 | 10/16/08 | $5,074.96 |
| 5 | 438542979A | K0829 | 10/24/08 | $5,074.96 |

All in violation of Tittle 18, United States Code, Section 1347. [18 U.S.C. § 1347].

<div style="margin-left:40%">

Respectfully submitted by:

STEPHANIE A. FINLEY
United States Attorney

*s/Kelly P. Uebinger*

By: _____
KELLY P. UEBINGER (Bar No. 21028)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618

</div>